**ENTREPRENEUR MEDIA, INC.,**
**a California Corporation,**
**Plaintiff—Appellee,**

v.

**Scott SMITH, dba EntrepreneurPR,**
**Defendant—Appellant.**

**No. 03–56431.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2004.

Decided June 10, 2004.

Mark A. Finklestein, Esq., Perry J. Viscounty, Esq., Michele D. Johnson, Esq., Latham & Watkins, Costa Mesa, CA, for Plaintiff–Appellee.

Glenn W. Peterson, Esq., McDonough, Holland & Allen, Sacramento, CA, for Defendant–Appellant.

Before TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

■ Scott Smith appeals the district court's judgment against him after a bench trial. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

Smith's primary argument is that the district court failed to follow the prior panel's mandate and violated law of the case in entering the findings of fact and conclusions of law. However, the prior panel merely decided that there were triable issues of fact that precluded summary judgment. It did not decide those issues in favor of Smith as a matter of law. Thus, the district court did not fail to observe the mandate of the prior panel on remand. As we observed in *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1404 (9th Cir.1993):

> The district court must be given a meaningful opportunity to follow the directive of the circuit court in resolving the issues. *Portsmouth Square. Inc. v. Shareholders Protective Committee*, 770 F.2d 866, 872 (9th Cir.1985). The district court should not be reversed for failing to follow a mandate if its decision is within the scope of the remand.

The district court did as the prior panel directed. It held a bench trial on the disputed factual issues and entered a judgment based on its findings of fact and conclusions of law. It did not violate the mandate.

### II

■ We review the district court's findings of likelihood of confusion for clear error. *See Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1356 (9th Cir. 1985). Likelihood of confusion is guided by an 8 factor test analyzing the: (1) strength of the mark; (2) similarity of the marks; (3) relatedness of goods or services; (4) intent in selecting the marks; (5) evidence of actual confusion; (6) marketing channels; (7) likelihood of expansion of product lines; and (8) degree of consumer care. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979). Although these factors are important, "it is the totality of facts in a given case that is dispositive." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir.2002) (alteration omitted). After a thorough examination of the record of this case, we conclude that the district court did not clearly err in its determination of likelihood of confusion based on the totality of the circumstances.

### III

■ The district court did not err in its damage award. Even where there is no direct competition, profits may be awarded in order to make trademark infringement unprofitable under the rationale of unjust enrichment. *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 124 (9th Cir.1968). EMI's expert also provided sufficient evidence of Smith's sales and costs to approximate his profits.

---

■ The district court also did not err in awarding attorney's fees. Exceptional circumstances justify attorney's fees where acts of infringement are deliberate or willful. *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1023 (9th Cir.2002). Because EMI provided strong credible evidence that Smith intended to confuse consumers, attorney's fees were justified.

■ Smith waived his right to present the affirmative defense of fair use by failing to assert it before the trial court. None of the other defenses or pleadings "fairly put" the district court "on notice as to the substance of the issue." *Nelson v. Adams USA, Inc.,* 529 U.S. 460, 469, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.